> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 29, 2018[*]
Decided May 29, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 16-1897

| | |
|---|---|
| NATHAN ANTOINE, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:07-cv-453-DGW |
| | |
| ROBERT M. ROBERTSON, | Donald G. Wilkerson, |
| *Defendant-Appellee*. | *Magistrate Judge*. |

**O R D E R**

While imprisoned at Menard Correctional Center in Illinois, Nathan Antoine sued prison employees under 42 U.S.C. § 1983 for violating his First Amendment rights. He contends that the defendants retaliated against him for filing grievances about the sanitary conditions at Menard. An earlier appeal to this court resulted in a remand for a trial on the question whether one defendant, Robert Robertson, issued a disciplinary report to retaliate against Antoine. At a bench trial, a magistrate judge presiding by

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

consent found that Robertson issued the report for a legitimate reason. Because Antoine does not demonstrate on appeal that the judge clearly erred in his factual finding about Robertson's permissible motive, we affirm.

The relevant events took place in 2005. Between March and September, Antoine filed grievances about dirt, dust, and insects in the gallery where he was housed. He said that the conditions aggravated his lung condition, causing him to cough up blood. During this period, Robertson was the officer responsible for the cleanliness of the gallery. On September 7, Robertson and another guard searched Antoine's cell for contraband, confiscating some items. After the search, according to Antoine, Robertson approached him and said, "I finally got your grievance-filing ass." Robertson issued Antoine a disciplinary ticket, which is not at issue on appeal, for possessing contraband. Antoine pleaded guilty and received 60 days of segregation.

The next morning, Robertson came to Antoine's cell to take him to segregation. What happened next was disputed at trial. Robertson testified that Antoine threatened him: When Robertson approached Antoine, Antoine warned that, for putting him in segregation, Robertson was going to "read all about it" in federal court. When Robertson asked Antoine if he was threatening to sue Robertson, Antoine replied, "You and the rest of the people behind this." Robertson testified that because of this threat, he issued a disciplinary ticket for the offense of intimidation. (This is the ticket challenged on appeal.) Antoine told a different story, denying that he made any threat. He asserted that he simply told Robertson that he wanted to speak with Menard's office of internal affairs. According to Antoine, Robertson refused the request, handcuffed him and replied, "You're going to die in prison." Antoine was found guilty of insolence and ordered to serve an additional 30 days in segregation.

Three other inmates also testified at the trial: James Brimmer, Eric Reid, and Randy Brown. Brimmer corroborated Antoine's story that, after the cell search, Robertson said that he "finally got [Antoine's] grievance-filing ass." Reid corroborated that Antoine told Robertson that he wanted to speak with internal affairs and that Robertson denied his request and said that Antoine would "die here." Brown testified about another incident with a different inmate. When that inmate warned Robertson that he planned to file a grievance against Robertson, the latter replied, "[Y]ou file a grievance, your ass will end up in segregation."

The trial judge found Robertson not liable for violating the First Amendment. The judge observed that Antoine had made a prima facie case allowing a reasonable inference that Robertson issued the second disciplinary ticket because of Antoine's past

grievances. But, the judge continued, Robertson rebutted that case. The judge believed, as Robertson had testified, that Antoine publically threatened to sue Robertson, and Robertson issued the disciplinary ticket because of that open threat. The judge noted (and Antoine does not dispute) that under our case law, an inmate's voluble threat to sue a prison official (as distinct from suing itself) is not protected speech because such threats are confrontational and inconsistent with prison security. *See Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). The judge acknowledged that Reid's testimony supported Antoine's account, but found Reid not credible because he and Antoine are both housed at the same prison and have seen each other since the 2005 incident.

Antoine argues on appeal that the judge impermissibly found that Robertson's proffered reason for issuing the second disciplinary ticket—to punish Antoine's threat to sue—was credible. He argues that the judge's finding is subject to de novo review because, in his view, it is a question of law. He is incorrect. The judge's finding about why Robertson wrote the disciplinary ticket was a factual one. *See Thompson v. Keohane*, 516 U.S. 99, 109–110 (1995) (explaining that issues of fact refer to the narration of external events and the narrators' credibility). Factual findings by the district court "must not be set aside unless clearly erroneous." FED. R. CIV. P. 52(a)(6). Review under this standard requires that we "giv[e] due deference to the district court's better opportunity to see and hear the witnesses," *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018), reversing only if the district court relied on testimony that was "facially implausible" or "contradicted by extrinsic evidence" that cannot be disputed. *Ortiz v. Martinez*, 789 F.3d 722, 729 (7th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)). Antoine's contention that his testimony was more credible because he has always denied threatening Robertson does not show that Robertson's testimony was "facially implausible." Therefore the judge did not clearly err.

Antoine also argues that the judge wrongly reasoned that, because Reid and Antoine have seen each other in the same prison, Reid's corroborating testimony was not believable. (Antoine adds that Reid testified consistently with his own deposition testimony, thereby buttressing his credibility.) But even if a judge may not discount an inmate's testimony solely because the inmate and the plaintiff are together in prison, the judge provided another, valid reason for crediting Robertson's testimony over Antoine's and Reid's. The independent disciplinary committee, whose fairness Antoine has not challenged, found Antoine guilty of insolence for threatening Robertson. The judge could consider the committee's finding at trial because it came from a legally authorized investigation. *See* FED. R. EVID. 803(8)(A)(iii), (B). Furthermore, as we have already observed, to prevail on appeal Antoine must show that Robertson's version was

implausible, and he has not done so. Therefore the finding of the trial court "must govern." *Cooper v. Harris*, 137 S. Ct. 1455, 1465 (2017).

Accordingly, the judgment is AFFIRMED.